**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 09-4865**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALBERT EDGERTON,

        Defendant – Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:08-cr-00271-BR-1)

───────────────

Argued:  October 27, 2010      Decided:  January 21, 2011

───────────────

Before TRAXLER, Chief Judge, DAVIS, Circuit Judge, and Damon J. KEITH, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ARGUED:** Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On June 1, 2009, in the Eastern District of North Carolina, Appellant Albert Edgerton entered a plea of guilty to three counts (One, Two, and Five) of a superseding indictment filed against him. Edgerton filed a motion to withdraw his plea of guilty on July 21, 2009 and asserted that he was out of his right mind, that he was pressured to plead guilty by his attorney, and that he was innocent. The district court denied Edgerton's motion to withdraw, having found that his plea was entered knowingly and voluntarily and that no reason existed permitting withdrawal. The district court sentenced Edgerton to a term of imprisonment of 229 months.

On appeal, Appellant contends that the district court erred in accepting his guilty plea. Appellant specifically asserts that no sufficient factual basis existed to support his plea of guilty to Count Five of the superseding indictment since the plea agreement referred to possession of crack rather than possession of marijuana as set forth in Count Five of the superseding indictment. Appellant also contends that the district court abused its discretion in denying his motion to withdraw his plea of guilty. We affirm.

## I. BACKGROUND

Beginning in March 2007, Warren County, North Carolina law enforcement officers employed a confidential informant to make controlled purchases of narcotics. Joint Appendix ("J.A.") 10; Pl. Br. 6. Their investigation culminated in Edgerton being indicted (initially) on two counts of possession with intent to distribute cocaine base (crack) on September 10, 2008 in the Eastern District of North Carolina. J.A. 10, 121. Police officers arrested Edgerton during a traffic stop on September 16, 2008 and searched his car (incident to his arrest). J.A. 121; Pl. Br. 6. Police officers then took Edgerton to his home and searched it (with his consent). J.A. 121; Pl. Br. 6. Police officers recovered $5100 from his car and two firearms from his home. J.A. 121-22; Pr. Br. 6-7. Police officers also took Edgerton to his grandmother's home where he stated that he kept drug proceeds in a car. J.A. 121-22; Pr. Br. 6-7. Police officers found marijuana in a white Mazda, and $34,000, ammunition and four firearms in a different car, a Chevrolet Cavalier, which belonged to Edgerton's father. J.A. 121-22; Pl. Br. 6-7.

A Superseding Indictment was returned by a grand jury on November 19, 2008, including five counts against Edgerton. J.A. 12-15. Counts One and Two were the same two counts of possession with intent to distribute cocaine base as set forth

3

in the initial indictment against him. J.A. 10, 12-15. The marijuana found in the Mazda in the search incident to Edgerton's arrest formed the basis for Count Three of the superseding indictment, possession with intent to distribute marijuana. J.A. 12-13; Pl. Br. 6-7. Count Four of the Superseding Indictment alleged that Edgerton knowingly possessed several firearms, including the two found at his home and those recovered from the Cavalier on his grandmother's property, unlawfully as a convicted felon. J.A. 13; Pl. Br. 6-7. The firearms and ammunition recovered from the Cavalier formed the basis for Count Five of the Superseding Indictment, which alleged that Edgerton possessed said firearms in furtherance of drug trafficking, specifically, possession with intent to distribute marijuana, as set forth in Count Three of the superseding indictment. J.A. 13; Pl. Br. 6-7.

On June 1, 2009, Edgerton appeared before the district court to enter a plea of guilty to Counts One, Two, and Five of the superseding indictment. J.A. 18-38. The district court recessed to permit Edgerton time to review the superseding indictment and to ensure that he had an understanding of the charges against him. J.A. 28-29. Following recess, Defendant's counsel addressed in open court Edgerton's concern that Counts Three, Four, and Five in the superseding indictment stated that the offenses occurred on September 17, 2008 as opposed to

4

September 16, 2008 when he was arrested. J.A. 30-31. Edgerton's counsel noted that the usage of the phrase "on or about" immediately preceding the date provided sufficient specificity to support the charges in the superseding indictment. Id. Neither Edgerton nor his counsel brought to the district court's attention the fact that the plea agreement erroneously described the firearms crime in Count Five of the superseding indictment as carrying of firearms in furtherance of possession with intent to distribute 5 grams or more of cocaine base (crack) instead of possession with the intent to distribute marijuana.

During the plea colloquy, the district court judge asked Edgerton if he understood his rights, and if he had read and understood the plea agreement. J.A. 31-34. Edgerton answered affirmatively to each of those questions. Id. Edgerton stated that he was not threatened or forced to enter into the plea agreement, that he had no questions about the sentencing guidelines, that his counsel exercised professional judgment in forecasting his potential sentence, that he was satisfied with the services his counsel rendered to him, and that he had no questions. J.A. 31-38. Pursuant to the plea agreement, Counts Three and Four were to be dismissed. J.A. 34, 38, 40, 45. The district court judge read Counts One, Two, and Five of the superseding indictment aloud and Edgerton indicated his guilt as

5

to each charge. J.A. 34-38. The court accepted Edgerton's plea of guilty, having found that the plea was entered freely and voluntarily. J.A. 38.

Edgerton filed a motion to withdraw his plea of guilty on July 21, 2009, contending that his counsel forced him to plead guilty against his will, that his counsel refused to investigate the facts of his case or obtain an expert witness despite Edgerton's purported desire to go to trial, and that he was innocent of the charges to which he pled guilty. J.A. 48-57. The district court held a hearing, during which time Edgerton stated that he pled guilty because he didn't know what he was doing, was losing his mind, and was pressured by his counsel. The district court judge found that Edgerton's plea of guilty was entered knowingly and voluntarily and that no reason existed to permit withdrawal. J.A. 71, 73. The district court sentenced Edgerton to a term of imprisonment of 229 months. J.A. 106, 110-11.

## II. ADEQUATE BASIS FOR ENTRY OF GUILTY PLEA

### A. Standard of Review

Generally, the adequacy of a guilty plea is reviewed in the Rule 11 context for harmless error. United States v. Goins, 51 F.3d 400 (4th Cir. 1995). Conversely, where an error is not preserved before the district court by noting a specific Rule 11

error, such as one occurring during a plea colloquy, plain error review applies. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); see United States v. Massenburg, 564 F.3d 337, 341-42 (4th Cir. 2009). Edgerton filed a motion to withdraw his plea of guilty, but the motion did not specifically contend that a specific Rule 11 error occurred during the plea colloquy and Edgerton did not argue before the district court that an insufficient factual basis existed to support his guilty plea. Accordingly, plain error review applies to his claim that no sufficient factual basis existed to support his plea of guilty to Count Five of the superseding indictment since the plea agreement referred to the use of firearms in furtherance of the criminal offense of possession with intent to distribute crack rather than marijuana, as set forth in Count 5 of the superseding indictment.

> To establish plain error, the defendant must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Johnson v. United States, 520 U.S. 461, 467 (1997) (internal citations omitted).

"Federal Rule of Criminal Procedure 11(b)(3) requires the district court to determine whether a factual basis exists

7

before entering judgment on a guilty plea." United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008). "[T]he district court 'possesses wide discretion,' and it 'need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense.'" Id. (quoting United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997)). A district court judge "taking a defendant's plea . . . need not . . . explain the elements of each charge to the defendant on the record." Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005).

## B. Analysis

Finding impermissible Rule 11 error, the United States Court of Appeals for the Sixth Circuit recently vacated a defendant's conviction for firearm possession in furtherance of drug trafficking and discussed the factual basis necessary to uphold a conviction under 18 U.S.C. § 924(c). United States v. Maye, 582 F.3d 622, 627-31 (6th Cir. 2009). The Sixth Circuit found that the district court judge, the defendant, and the defendant's counsel each were confused as to what conduct sufficiently established a § 924(c) offense. Id. at 627. At his sentencing hearing, the defendant expressed concern and confusion about the § 924(c) offense. Id. at 627-28. The defendant's counsel explained to the court that his client was

still concerned following the court's provision of time for counsel to explain the nature of the charge and its elements. Id. at 628. The district court judge then read the indictment aloud, the defendant stated that he was guilty of the charged offense and that he understood why, the district court judge invited the defendant to explain it before the court, and the defendant stated that he was guilty because he "*just had the gun period, point blank*" in his apartment when the cocaine sale took place on his front porch. Id. at 628-29 (emphasis in original). The district court then proceeded to sentence the defendant. The defendant appealed his sentence to the Sixth Circuit, contending that the district court erred in finding that a factual basis existed to support his plea of guilty, asserting that his admission that he possessed a revolver in close proximity to his drug transaction was insufficient. Id. at 627-28.

The Sixth Circuit noted that "coincidental presence of a firearm in the vicinity of a crime is insufficient to support a section 924(c) conviction" since such a pronouncement falls short of the statutory requirement that the firearm be possessed "'in furtherance'" of drug trafficking or "possessed to advance or promote the commission of the underlying [drug-trafficking] offense." Id. at 630-31. The court noted that the firearm was not brandished during the crime, the gun may not have been

9

loaded or easily visible to the informant, and was not sufficiently established as a "tool of [the defendant's] trade." Id. at 631 n.3. Accordingly, the Sixth Circuit found that it was unclear that the defendant understood the elements of the charged crime and that plain error had occurred, such that the court remanded the case to provide for a new plea hearing. Id. at 630.

Edgerton contends that application of Maye compels this Court to conclude that Rule 11 error occurred such that the four firearms described in Count Five of the superseding indictment were not possessed by him "in furtherance of" a drug trafficking activity, that he never admitted to specifically possessing the four firearms described in Count Five of the superseding indictment, and that no sufficient basis existed for the district court to accept his plea of guilty to Count Five.

The plea colloquy plainly demonstrates that notwithstanding a scrivener's error in the plea agreement delineating crack cocaine rather than marijuana as charged in the superseding indictment, the district court judge twice accurately discussed the nature of Count Five during the plea colloquy and Edgerton affirmatively stated that he committed the offenses as stated by the court. J.A. 29-37. Maye is readily distinguishable from the instant case since, here, neither Edgerton nor his counsel expressed any confusion as to the nature of Count Five or

10

§ 924(c) which necessitated a recitation of the elements of the offense.  Further, there was no erroneous legal pronouncement of the elements of Count Five or any other allegation of the superseding indictment which could provide Edgerton sufficient basis to allege confusion as to the elements of § 924(c).  Although it is the better practice to do so, the district court judge was not required to recite the elements of § 924(c).  Thus, the district court had a proper basis upon which to find that Edgerton committed all of the elements of Count Five – Edgerton admitted guilt following the district court's reading of the charges, explanation of potential punishment, and extensive colloquy.  Simply stated, no error occurred.

## III. MOTION TO WITHDRAW PLEA OF GUILTY

### A. Standard of Review

We review a district court's denial of a motion to withdraw a plea of guilty for abuse of discretion.  United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).  "A court has abused its discretion if its decision 'is guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.'"  Brown v. Nucor Corp., 576 F.3d 149, 161 (4th Cir. 2009) (quoting Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999)).

11

B. Analysis

"There is no absolute right to withdraw a guilty plea." Ubakanma, 215 F.3d at 424. The movant bears the burden of showing a just reason for withdrawal, and courts consider multiple factors including:

> (1) Whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Id.; United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

In Ubakanma, the defendant sought to withdraw his plea of guilty to a wire fraud offense. Ubakanma, 215 F.3d at 424. This Court found that the district court's extensive Rule 11 hearing conducted prior to the district court's acceptance of the defendant's plea of guilty included the defendant's acknowledgement under oath that he was not coerced, that he was guilty of the specified wire fraud offense, and that he understood the terms of his plea agreement. Id. These factors necessitated that this Court find the plea was knowing and voluntary. Id. Further, this Court discarded the defendant's conclusory assertion of innocence and his claim that he was coerced by his attorney in light of his counsel's aggressively

12

negotiated, favorable plea agreement, and the defendant's sworn statements that he reviewed the plea agreement and voluntarily agreed to its terms. Id. at 424-25. Accordingly, this Court affirmed the district court's denial of the defendant's motion to withdraw his plea of guilty. Similarly, in Moore, this Court affirmed the district court's denial of the defendant's motion to withdraw a guilty plea where six weeks elapsed between the filing of the motion and entry of the plea, nothing in the plea agreement supported the defendant's claim of unconscionability, the defendant was ably represented by counsel, and minor quibbles with the government's version of events did not make the defendant's claim of innocence credible. Moore, 931 F.2d at 249-50.

Edgerton contends that he was "not in his right mind," that he was pressured to plead guilty by his attorney throughout the case, and that he is innocent. J.A. 75. The district court found that his contentions lacked credibility since he stated under oath during the plea colloquy that he was guilty. The district court found that he did not appear to lack intelligence and he appeared well-informed. Review of the record demonstrates that Edgerton was given additional time to review the superseding indictment before the plea colloquy. J.A. 29. When Edgerton argued to withdraw his plea at his sentencing hearing, he stated that he did not possess the four firearms

13

taken from his father's Cavalier and that he was forced to plead guilty. J.A. 29. These statements do not erase his sworn statements during the plea colloquy that he *did* possess the four firearms in furtherance of drug trafficking, as charged in Count Five of the superseding indictment, nor do they erase his sworn assertion that no one threatened him or forced him to plead guilty. J.A. 33, 38. Edgerton made sworn statements indicating that he was not coerced to plead guilty, that he reviewed the plea agreement with his counsel and understood its terms, that he understood the charges in the superseding indictment and that he committed the offenses charged in Counts One, Two, and Five. J.A. 31-38. Thus, he simply cannot meet his burden to demonstrate that his plea was not knowing and voluntary and that he did not have close assistance of counsel or was threatened. His belated claims of innocence simply are not credible. The precedential cases <u>Ubakanma</u> and <u>Moore</u>, and the record, therefore establish that no sufficient basis exists for this Court to find that the district court abused its discretion in denying Edgerton's motion to withdraw his guilty plea.


IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED. There was both an adequate factual basis for the district court's acceptance of Edgerton's plea of guilty and

14

the district court properly denied Edgerton's motion to withdraw his plea of guilty.

AFFIRMED